IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIERRA CLUB, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-07-0608 |
| § | |
| FEDERAL EMERGENCY § | |
| MANAGEMENT AGENCY, *et al.,* § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The Sierra Club, a national nonprofit environmental organization, filed this suit under Section 4104(g) of the National Flood Insurance Act, 42 U.S.C. § 4104(g). The Sierra Club is appealing the denial of their administrative appeal of a final flood elevation determination for the Cypress Creek watershed made by the Federal Emergency Management Agency (FEMA) for Harris County, Texas and incorporated areas. (Docket Entry No. 1). FEMA also denied the administrative appeal filed by the Cypress Creek Flood Control Coalition ("CCFCC"), which raised the same objections as the Sierra Club's appeal. (Docket Entry No. 16 at 6-7; *id.*, Ex. A at 3-5). Unlike the Sierra Club, CCFCC did not file suit to seek judicial review of FEMA's flood elevation determinations. Instead, CCFCC decided to seek revisions of various flood elevations determinations through an administrative revision process. (Docket Entry No. 16 at 10-11). The timetable for that work is uncertain.

1

x

CCFCC seeks leave to file an *amicus curiae* brief in the action filed by the Sierra Club. CCFCC asserts that its participation will help the court understand the complex issues relating to flooding and flood elevation determinations and provide valuable local information about the potential impacts of mistakes in those determinations. (Docket Entry No. 22). The defendants oppose CCFCC's motion to file an *amicus curiae* brief on the same grounds that provided the basis for their earlier motion to dismiss, that this court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity and the plaintiffs lack standing. (Docket Entry No. 25). These defendants' motion to dismiss was denied.

"The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995); *see also United States ex rel. Gudur v. Deloitte Consulting L.L.P.*, Civil Action No. H-00-1169, 2007 WL 836935, at *6 (S.D. Tex. March 15 2007); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)*; Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993); *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)*; Pa. Envtl. Def. Found. v. Bellefonte Borough*, 718 F. Supp. 431, 434 (M.D. Pa. 1989); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). One court has cautioned that "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an *amicus* brief unless, as a party, although short of a right to intervene, the *amicus* has a special interest that justifies his having a say, or unless the court feels that existing counsel

2

may need supplementing assistance." *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir. 1970).

"No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief." *Gudur*, 2007 WL 836935, at *6. District courts commonly seek guidance from Federal Rule of Appellate Procedure 29, which establishes standards for filing an *amicus* brief in the United States Courts of Appeals.[1]  *Id.*  A district

---

[1] Rule 29 of the Federal Rules of Appellate Procedure provides:

(a) When Permitted. The United States or its officer or agency, or a State, Territory, Commonwealth, or the District of Columbia may file an amicus-curiae brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing.

(b) Motion for Leave to File. The motion must be accompanied by the proposed brief and state:

> (1) the movant's interest; and

> (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

(c) Contents and Form. An amicus brief must comply with Rule 32. In addition to the requirements of Rule 32, the cover must identify the party or parties supported and indicate whether the brief supports affirmance or reversal. If an amicus curiae is a corporation, the brief must include a disclosure statement like that required of parties by Rule 26.1. An amicus brief need not comply with Rule 28, but must include the following:

> (1) a table of contents, with page references;

> (2) a table of authorities--cases (alphabetically arranged), statutes and other authorities--with references to the pages of the brief where they are cited;

> (3) a concise statement of the identity of the amicus curiae, its interest in the case, and the source of its authority to file;

> (4) an argument, which may be preceded by a summary and which need not include a statement of the applicable standard of review; and

> (5) a certificate of compliance, if required by Rule 32(a)(7).

(d) Length. Except by the court's permission, an amicus brief may be no more than one-half the maximum length authorized by these rules for a party's principal brief. If the court grants

court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate. Chief among those differences is that a district court resolves fact issues. *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982). "An *amicus* who argues facts should rarely be welcomed." *Strasser*, 432 F.2d at 569. An *amicus* may be useful at the appellate level but not in the district court. *Yip*, 606 F. Supp. at 1568; *Leigh*, 535 F. Supp. at 422.

A district court should consider whether the information offered through the *amicus* brief is "timely and useful" or otherwise necessary. *Id.* A court should also consider whether the individual or organization seeking to file the *amicus* brief is an advocate for one of the parties. *Southview Farm*, 834 F. Supp. at 1413. While federal appellate courts often permit the submission of highly partisan *amicus* briefs, *see Leigh*, 535 F. Supp. at 422, there is significant variance in the extent to which district courts are willing to permit the participation of an *amicus* who acts primarily as an advocate for one party. Some district courts express strong reservations about permitting the submission of *amicus* briefs that

---

a party permission to file a longer brief, that extension does not affect the length of an amicus brief.

(e) Time for Filing. An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed. A court may grant leave for later filing, specifying the time within which an opposing party may answer.

(f) Reply Brief. Except by the court's permission, an amicus curiae may not file a reply brief.

(g) Oral Argument. An amicus curiae may participate in oral argument only with the court's permission.

strongly favor one side over the other. In *Leigh v. Engle*, the court denied the Secretary of Labor's motion for leave to file an *amicus* brief supporting the plaintiffs' ERISA claim. The Secretary had not submitted the memorandum as an *amicus curiae* but rather as an "*amicus petit*," or "friend of the plaintiff." *Id*. The court stated that the defendants were "entitled to have their contentions and arguments on the summary judgment motions considered without having the weight of the United States, speaking through the Secretary of Labor, joining plaintiffs in the assertion that there are no issues of material fact, that defendants have violated the provisions of ERISA, and thus are liable to a judgment ordering them to disgorge profits they have made from alleged breaches of trust." *Id*. The *Leigh* court also pointed to the lack of complexity or ambiguity in the law as a reason for denying the motion. *Id*.

The district court in *United States v. Gotti* refused to permit the submission of an *amicus* brief for similar reasons. In *Gotti*, the court did not allow the New York Civil Liberties Union to file an *amicus* in part because "[r]ather than seeking to come as a "friend of the court" to provide the court with an "objective, dispassionate, neutral discussion of the issues, it is apparent that the NYCLU has come as an advocate for one side, having only the facts of one side at the time." 755 F. Supp. at 1159. Other considerations also weighed against permitting the *amicus*, including that the parties had not jointly consented to the filing, the parties were well represented and their counsel did not need assistance, the brief did not raise new issues, and the NYCLU did not comply with the Rule 29 requirements. *Id*. at 1158-59.

In *Yip v. Pagano*, the district court echoed the concerns about partisan *amici* laid out in *Leigh* and *Gotti*, stating, "Where a petitioner's attitude toward the litigation is patently partisan, he should not be allowed to appear as *amicus curiae*." *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J.) (quoting *Casey v. Male*, 164 A.2d 374, 377 (N.J. Super. Ct. 1960)). However, the court in *Yip* took a somewhat more permissive approach than the *Leigh* court and allowed a group of congressmen to file an *amicus* brief supporting the immunity claim of a defendant sued for making defamatory remarks during a congressional hearing. *Id*. at 1568-69. The court distinguished *Leigh* on the ground that in *Leigh* the would-be *amicus* had waited until three years into the proceedings to file his motion and that granting the motion would cause further delay. *Id*. at 1568. Faced with what the *Leigh* court had described as an "*amicus petit*," the *Yip* court did not find the congressmen's brief to be so "patently partisan" that it would be inappropriate to allow the group to participate as an *amicus curiae*.

Other courts routinely permit organizations to file *amicus* briefs when their interests are closely aligned with those of one party. Courts that take this approach stress that "[t]here is no rule . . . that *amici* must be totally disinterested," *Hoptowit*, 682 F.2d at 1260, and that "by the nature of things an *amicus* is not normally impartial," *Strasser*, 432 F.2d at 569.[2] In *Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. at 1413, the district court permitted a private organization to file an *amicus* brief despite having contributed at least $10,000 to defray the defendants' legal costs. In *Hoptowit v. Ray*, 682 F.2d at 1260, the

---

[2]One court recounts how one attorney, when asked for his response to the argument of an *amicus*, responded, "That fellow isn't any more a friend of the court than I am." *Strasser*, 432 F.2d at 569 n. 2.

Ninth Circuit upheld the district court's appointment of the United States Department of Justice and the United States Attorney for the Eastern District of Washington as *amicus curiae* in a lawsuit challenging conditions at a state prison despite the fact that "the United States Attorney acted exclusively on behalf of the points of view taken by the inmates." The Ninth Circuit emphasized that there was no indication "that *amicus* controlled the litigation, or that the inmates were mere strawmen to confer standing so that *amicus* could litigate its views." *Id*.

In this case, the defendants opposed CCFCC's motion to file an *amicus curiae* brief. (Docket Entry No. 25). No party has consented to the filing. The parties are sophisticated and ably represented by counsel. It is unclear what new perspective or information CCFCC could provide. CCFCC has the same interests and policy objectives as the Sierra Club. There is no reason to think that CCFCC has access to greater technical, scientific, or legal expertise than the Sierra Club. It appears that CCFCC seeks to litigate fact issues; such a role is generally inappropriate for an *amicus*. *Strasser*, 432 F.2d at 569.

The partisanship of CCFCC also weighs against permitting it to participate as *amicus curiae*. CCFCC filed an administrative appeal raising the same objections as this lawsuit. (Docket Entry No. 16 at 6-7; *id*., Ex. A at 3-5). Not only are CCFCC's interests in this litigation squarely aligned with those of the Sierra Club, but CCFCC has as much of a stake in the outcome as the Sierra Club. CCFCC's organizational interests will be directly affected by any court ruling on a substantive matter.

Finally, CCFCC made a deliberate decision to forgo litigating. Rather than appeal FEMA's denial of their administrative appeal of the final flood elevation determinations for the Cypress Creek watershed, CCFCC elected to work within the administrative process for revising final flood elevation determinations. (Docket Entry No. 16 at 10-11). CCFCC does not have standing to litigate because it did not comply with the administrative requirements for filing suit. *See* 42 U.S.C. § 4104(g). Having decided not to seek judicial review as a party, the CCFCC should not be able to proceed in court as an amicus.

CCFCC's motion for leave to file an *amicus curiae* brief is denied.

SIGNED on November 14, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge